CITED *in Stryker* v. *Vanderbilt*, 1 *Dutch*. 482.

## MASON v. EVANS.

1. In an action of debt on a bond, a plea that it was given for lands sold by plaintiff to defendant, that plaintiff alleged he was seized in fee of the property, whereas he had no title therein, is bad, without an averment of fraud in plaintiff.

2. In such case, if the *scienter* is omitted, the plea may be amended so as to insert it.

3. A plea that a bond was obtained by fraud generally, is a good plea.

This was an action of debt on a bond dated March 1st, 1787, in the penalty of £230, conditioned to pay £115 on a

certain day, with interest.  The defendant pleaded : 1st. *Non est factum.*   2d. A declaration of Mason that he was seized in fee of certain lands in Virginia, which he sold to the defendant, when in fact he had no title in them, and that the bond in question was given for these lands.   3d. *Per fraudem* generally.

A motion was made by the plaintiff to strike out the second and third pleas.  The point had been argued in May Term, and the opinion of the court was now delivered.

KINSEY, C. J.   As to the second plea in this case, it is in my opinion clearly ill, because the facts set forth in it, from which the conclusion of fraud is deduced, are not, if proved, a sufficient ground for such an inference.   Nothing is alleged but what a man might honestly have said and done.   If he himself had actually bought the lands fairly, he might honestly sell them, *if he was ignorant of the defect in the title.* There is no averment that he knew his title to be deficient, and for aught that appears it might have been a disputed title, within the knowledge of both parties, and sold for that reason at an under price.   We cannot presume fraud.

If however the fact really is that Mason sold the lands at a fair valuation, when he knew that he had no title to them, the defendant may amend his plea.   In the case of *Bree* v. *Holbech, Dougl.* 655, the court allowed of an amendment after argument and opinion delivered.

The third plea brings once more in question a point that has frequently arisen, and has been as frequently disputed, [183] whether fraud can be pleaded in bar of an action of debt on a bond.   This is a question of vast importance, and should be deliberately and finally settled.

It has been frequently asserted, and the same principle has been contended for in this case, that the consideration of a bond cannot be proved by parol evidence, so as to set aside a deed solemnly executed.   It is objected that the facts should be specially pleaded, and the case of *Janson* v. *Stuart,* 1 *T. R.* 748, has been cited as in point.   In that case an action was

brought by one for advertising him as a swindler. The defendant pleaded that plaintiff was a swindler, but specified no particular act of swindling, and the plea was held ill. This decision was unquestionably correct. The plea went to the whole life of the party, and therefore was too general; but the present case is totally different. The allegation here is, that fraud was committed, in this single instance, in obtaining this particular bond by fraudulent means; and the case cited, therefore, by no means goes to prove the present plea ill. In the case of *Wimbish* v. *Tailbois*, *Pl. Com.* 38, 54, Montagu, C. J., says that the plea of fraud generally, is good. In *Tresham's case*, 9 *Rep.* 108, it was held that the general averment of fraud, replied to recognizances pleaded, was good. The case of *Knight* v. *Peachy*, *T. Ray.* 303, is to the same point; a replication that an assignment was made by covin and fraud to cheat the plaintiff, was held good. When the particular act of fraud is referred to, the general plea is sufficient. See 1 *Chitty on Pl.* 553.

Another objection has been raised to this plea, and that is, that courts of justice cannot inquire into the consideration of a bond. In this case, also, it is contended that there is the deed for the land, and if there be any covenant or warranty, the defendant has a clear and easy remedy for a breach of the contract of sale. There is no necessity for resorting to this plea; there should have been an action of deceit.

If these positions thus generally laid down be true, they appear to me manifestly contrary to justice, and I should be loth to pronounce the law to be, that a bond obtained by the [184] most flagrant fraud, and one executed on fair and honest grounds, are equally available. There is, however, no case to be found which supports a doctrine so monstrous, and so entirely subversive of justice. The case of *Mease* v. *Mease*, 1 *Cowp.* 47, is very imperfectly reported, and but little dependence can be placed on it; the most that can be made of it is, that Lord Mansfield seems to have so far assented to the argument of Wilson, that no parol evidence ought to be admitted to abate or extend a bond, as to consider the plea

bad ; yet he shows an inclination, and thought himself justified in getting at the defence, and doing justice in some way or another. In that case it is further to be remarked, the defence admitted the validity of the bond ; no fraud is pretended to have been employed in procuring it. In this case, the defence goes to prove that the instrument never had any legal existence, and its tendency is not to extend the construction, or to vary the words. If fraud does vitiate a bond— and clearly it does—I am of opinion that any matter which tends to prove it void, or that it never had any legal existence, may either be pleaded or given in evidence.

In the case of *Faikney* v. *Reynous*, 4 *Burr.* 2069, was an action of debt on a bond, to which defendant pleaded that it had been given on a stock-jobbing transaction, and was therefore void under the statute. The court, in their opinion, merely go into the consideration of the question whether it *was actually void or not;* and it *never seems to have occurred* either to the court or the counsel, that this defence would lead to an inquiry into the consideration on which the bond was founded, and could not, therefore, be pleaded, as it did not appear on the face of the instrument.

*Collins* v. *Blantern*, 2 *Wils.* 341, was also an action of debt on a bond, and a plea that the obligation was given for the purpose of stifling a prosecution for felony, was held good. The same objection, that no averment could be made against the writing, was there urged ; but in giving the opinion of the court, Lord Chief Justice Wilmot says in reply, " the law will legitimate the showing it void *ab initio*, and this can only be done [185] by pleading." " It is not inconsistent with the condition of the bond, but strikes at the contract itself, in such a manner as shows that, in truth, the bond never had any legal entity."

In the case of *Walker* v. *Perkins*, 1 *Bl. Rep.* 517, to a bond conditioned to pay a woman an annuity so long as she lived with the obligor, it was pleaded that it was to live with him in a state of fornication, though not so expressed in the instrument, and though this is no crime at common law, but

Mason v. Evans.

only an immoral act, the plea was adjudged good, and the bond set aside.

If there were no other cases, these would, in my opinion, justify me in saying that it is a misapplication of the rule, if there ever was one, that the consideration of a bond given for an illegal or immoral purpose cannot be inquired into at law, or that it may not be proved by parol testimony; and I think they prove, also, that if a bond be void, either by statute or common law, and be made so either by matter expressed or not expressed in the instrument itself, it may be pleaded in bar in an action of debt. In the case of *Collins* v. *Blantern,* this objection was raised and disregarded; and the opinion delivered by Wilmot in that case merits and should receive serious consideration for the soundness of the doctrines which it contains. He says that the plea in that case shows a fact which, if true, proves that the bond never had any legal existence.

In *Fonblanque's* excellent *Treatise* 112, *note z,* it is said: "though it may be true as a general proposition, that the common law will not allow of averments of matter *dehors* a deed, yet it is certainly not to be adopted as a universal proposition; for there are numberless cases, even at law, in which the deed has been defeated by matter *in pais.*" He cites a large number of authorities, both in law and equity, confirmatory of this doctrine.

Other cases, dependent on the same principle, and illustrative of it, may be collected from books of a much older date, which occurred at a period when courts of justice adhered much more closely than they now do to the strict rules of law. If a deed be falsely read to an illiterate or blind person, it shall not bind him, was determined in *Shutter's case,* 12 *Co.* 90; [186] so if read with a condition, when in fact there is none, it is void. The same idea is corroborated in *Jenkins'* and *Moore's Reports.* These are all cases of fraud, vitiating the obligation, but not appearing on the face of it; and no solid distinction can be raised between them and that now before the court. There the incapacity was natural;

here it is created by the party. It cannot be permitted that fraud and dishonesty shall be available to a party who comes forward and avows it; or that courts of justice shall be compelled to shut their eyes and submit to be the humble instruments to carry them into effect. If the law abhors fraud, the man imposed upon should have it in his power to avail himself of it as a defence. If fraud invalidates an act it may be pleaded.

Again, Lord Mansfield, in 4 *Burr.* 2229, in the case of *Lowe* v. *Peers*, supports the doctrine I have laid down. That was an action of covenant on a promise of marriage, and brought, of course, on a sealed instrument. Speaking of the validity of the deed, his lordship says: " Whatever grounds existed at that time that could avail the defendant to avoid the deed, should have come on his part by a proper plea, if it would in reality have been a good defence for him. If, therefore, any such ground had existed, not appearing upon the face of the deed, it ought to have been avoided by a proper plea."

Judge Buller, in 3 *T. R.* 424, *Petrie* v. *Hannay*, in delivering his opinion, considers it as good authority; and Lord Kenyon, in the same case, says it is a rule of law, that " those who come into a court of justice to seek redress must come with clean hands." (a)

From all these cases I think it clear, that the doctrine relied upon, that the consideration of a bond cannot be inquired into, and that no parol evidence can be admitted to prove the instrument void, either by statute or common law, is not maintainable. There are no grounds in justice for such a doctrine, and I should be sorry did I think any existed in law.

[187] This brings me to another view of the subject, and a question arises, if, indeed, it can admit of a question, whether a court instituted for the purposes of justice, shall be obliged to declare that a fraudulent deed is good at law; or

See also, 3 *T. R.* 474, *King* v. *Inhabitants of Scammonden.*

when the contract is silent, or is so worded as to conceal the truth, whether courts may not "brush away the cobweb covering which conceals the truth, and view the transaction in its proper colors." For my own part I have no hesitation in declaring it as my opinion that a bond, fraudulently obtained, is void and illegal.

1st. I take it to be an indisputable maxim that fraud is odious to the law, and that "*fraus et dolus nemine patrocinari debent.*"

2d. It is laid down in *Fermor's case*, 3 *Co.* 77, that fraud is so abhorred by the common law, that it vitiates all acts, as well judicial as others; and even a lawful act if obtained by fraud. *Jenkins* 259, is to this purpose, and in the same book, 254, *pl.* 45, it is said fraud is averable against any deed. So is 4 *T. R.* 337–8, in the case of *Master* v. *Miller*.

In *Bright* v. *Eynon*, 1 *Burr.* 390, 395, Lord Mansfield says that it will avoid every kind of act.

In *Fell* v. *Riley*, *Cowp.* 281, he says, "cases of fraud and imposition are exceptions to all rules whatsoever."

In *Master* v. *Miller*, Buller says, "he who is guilty of fraud shall never be permitted to avail himself of it."

In 2 *T. R.* 765, *Cockshott* v. *Bennet*, it is said that fraud may be avoided by a court of law, as well as a court of equity.

The opinions here cited, and the citations might be almost indefinitely extended, are so congenial to what every honest man feels in his own breast, and the opposite sentiments are so inconsistent with every idea of what is just, that they have my fullest assent. I cannot declare this plea bad, because no precedent has been, nor as I conceive can be brought, which proves it defective. If the bond be void, as every instrument fraudulently obtained is, then the truth can only be reached by pleading the fact.

[188] I have consumed more time than I wished or the case required, and yet the subject is by no means exhausted. I shall, however, say but little, further than to declare that a bond fraudulently obtained is void; that I do not feel myself

authorized, sitting here to administer justice, to shut my eyes against the truth, and therefore I consider the plea as good, when applied, as in this case it is, to a single fact in which the plaintiff participated, when it cannot put him to any inconvenience to prove the transaction honorable and correct, if it really is so ; and that in giving this opinion, I do not, (as Wilmot says in the case before cited,) stir a pebble of the common law, neither have I the slightest wish to do it, because I look on it as the best and surest foundation of our rights and property, and because I am old enough to have seen that almost every attempt to alter its principles, however specious the pretences may have been, has been productive of more injurious than beneficial consequences.　I cannot, however, but agree with Lord Kenyon, when he says that the law is best applied, when it is made subservient to the justice of the case : of which opinion Buller remarked that it was a noble sentiment, worthy of the person who pronounced it, and of the place where it was uttered. (a)

SMITH, J., concurred with the Chief Justice.

CHETWOOD, J.　To this action of debt upon a bond for the payment of money, the defendant pleads—

1st. *Non est factum.* 2d. *Per fraudem* specially, alleging certain facts from which fraud is to be inferred ; and 3d. *Per fraudem* generally.　The motion now before the court is, (in the nature of a demurrer,) to strike out the second and third pleas.　As to the plea of *per fraudem* generally, I do not recollect ever to have met with an instance of it, and I do not think it agreeable to the practice or the principles of our law. [189] The remedy which is open to the defendant, is by an action of covenant on his warranty, if he has any; and if he has

(a) See also *Espinasse,* 197, 348 ; 1 *Br. Ch. Rep.* 38, *Jameson* v. *Skipwith* ; 3 *Bl. Com.* 431, 437, 439; 2 *Woodes* 208; *Gilb. Ev.* 172; 3 *Kirby* 454; *Marsh* v. *Steele,* 2 *Dall.* 171 ; *Field* v. *Biddle,* 1 *Binn.* 610 ; *Wallace* v. *Baker, Ib.* 616 ; *Hurst* v. *Kirkbride,* 2 *Dall.* 196 ; *Pleasants* v. *Pemberton,* 1 *Caines* 358, note (a) ; *Jackson* v. *Bowen,* 2 *Bac. Abr.* 658.

been so negligent as to omit that prudent precaution, the maxim of *caveat emptor* is fairly applicable. Nor do I think matter contained in the second plea, even if it should, as has been suggested, be so amended as to insert the *scienter*, would be a bar to the action. My opinion is that both pleas should be struck off.

CITED *in Tillon* v. *Britton*, 4 *Hal.* 120 ; *Barrow* v. *Bispham*, 6 *Hal.* 110.

